UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD SOTO,<br><br>          Petitioner,<br><br>   v.<br><br>JAMES D. HARTLEY, Warden,<br><br>          Respondent. | ) 1:10-cv—00071-SMS-HC<br>)<br>) ORDER DISMISSING THE PETITION<br>) WITHOUT PREJUDICE FOR<br>) PETITIONER'S FAILURE TO PROSECUTE<br>) AND FAILURE TO FOLLOW A COURT<br>) ORDER (Doc. 1)<br>)<br>) ORDER DECLINING TO ISSUE A<br>) CERTIFICATE OF APPEALABILITY<br>)<br>) ORDER DIRECTING THE CLERK TO<br>) CLOSE THE ACTION |

    Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting consent in a signed writing filed by Petitioner on January 25, 2010 (doc. 6). Pending before the Court is the petition, which was filed on April 1, 2009. The petition concerns the reversal by the governor of California of a parole board's decision, dated October 25, 2007, to grant parole to Petitioner. (Pet. 15.)

1

I.   Background

Because Petitioner did not allege in the petition that he had exhausted his state judicial remedies, the Court ordered Petitioner to show cause in thirty (30) days why the petition should not be dismissed for lack of exhaustion. The Court's order was filed and served on Petitioner on May 27, 2010. Over thirty days have passed since service of the order on Petitioner, but Petitioner has failed to respond to the Court's order.

II.  Dismissal for Failure to Prosecute the Action and Failure to Follow an Order of the Court

Local Rule 110 provides:

> Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court.

District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate...dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987)

1  (dismissal for failure to comply with court order); <u>Henderson v.
2  Duncan</u>, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack
3  of prosecution and failure to comply with local rules).
4       In determining whether to dismiss an action for lack of
5  prosecution, failure to obey a court order, or failure to comply
6  with local rules, the Court must consider several factors: (1)
7  the public's interest in expeditious resolution of litigation;
8  (2) the Court's need to manage its docket; (3) the risk of
9  prejudice to the respondents; (4) the public policy favoring
10 disposition of cases on their merits; and (5) the availability of
11 less drastic alternatives.  <u>Thompson</u>, 782 F.2d at 831; <u>Henderson</u>,
12 779 F.2d at 1423-24; <u>Malone</u>, 833 F.2d at 130; <u>Ferdik</u>, 963 F.2d at
13 1260-61; <u>Ghazali</u>, 46 F.3d at 53.
14      In the instant case, because the petition has been pending
15 for a lengthy period, the Court finds that the public's interest
16 in expeditiously resolving this litigation and the Court's
17 interest in managing the docket weigh in favor of dismissal.  The
18 third factor, risk of prejudice to respondents, also weighs in
19 favor of dismissal, since a presumption of injury arises from the
20 occurrence of unreasonable delay in prosecuting an action.
21 <u>Anderson v. Air West</u>, 542 F.2d 522, 524 (9th Cir. 1976).  The
22 fourth factor -- public policy favoring disposition of cases on
23 their merits -- is greatly outweighed by the factors in favor of
24 dismissal discussed herein.  Finally, a court's warning to a
25 party that his failure to obey the court's order will result in
26 dismissal satisfies the "consideration of alternatives"
27 requirement.  <u>Ferdik v. Bonzelet</u>, 963 F.2d at 1262; <u>Malone</u>, 833
28 at 132-33; <u>Henderson</u>, 779 F.2d at 1424.  The Court's order

1  requiring Petitioner to show cause stated that failure to follow
2  the Court's order would result in dismissal of the petition.
3  Thus, Petitioner had adequate warning that dismissal would result
4  from his noncompliance with the Court's order.
5       III.   Certificate of Appealability
6       Unless a circuit justice or judge issues a certificate of
7  appealability, an appeal may not be taken to the court of appeals
8  from the final order in a habeas proceeding in which the
9  detention complained of arises out of process issued by a state
10 court.  28 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537
11 U.S. 322, 336 (2003).  A certificate of appealability may issue
12 only if the applicant makes a substantial showing of the denial
13 of a constitutional right.  § 2253(c)(2).  Under this standard, a
14 petitioner must show that reasonable jurists could debate whether
15 the petition should have been resolved in a different manner or
16 that the issues presented were adequate to deserve encouragement
17 to proceed further.  Miller-El v. Cockrell, 537 U.S. at 336
18 (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).  A
19 certificate should issue if the Petitioner shows that jurists of
20 reason would find it debatable whether the petition states a
21 valid claim of the denial of a constitutional right and that
22 jurists of reason would find it debatable whether the district
23 court was correct in any procedural ruling.  Slack v. McDaniel,
24 529 U.S. 473, 483-84 (2000).  In determining this issue, a court
25 conducts an overview of the claims in the habeas petition,
26 generally assesses their merits, and determines whether the
27 resolution was debatable among jurists of reason or wrong.  Id.
28 It is necessary for an applicant to show more than an absence of

1  frivolity or the existence of mere good faith; however, it is not
2  necessary for an applicant to show that the appeal will succeed.
3  <u>Miller-El v. Cockrell</u>, 537 U.S. at 338.
4      A district court must issue or deny a certificate of
5  appealability when it enters a final order adverse to the
6  applicant.  Rule 11(a) of the Rules Governing Section 2254 Cases.
7      Here, it does not appear that reasonable jurists could
8  debate whether the petition should have been resolved in a
9  different manner.  Petitioner has not made a substantial showing
10 of the denial of a constitutional right.  Accordingly, the Court
11 will decline to issue a certificate of appealability.
12     IV.  <u>Disposition</u>
13     Accordingly, it is ORDERED that:
14     1)  The petition is DISMISSED without prejudice for
15 Petitioner's failure to follow the order of the Court and failure
16 to prosecute the action; and
17     2)  The Clerk is DIRECTED to close the action because this
18 order terminates the proceeding in its entirety; and
19     3)  The Court DECLINES to issue a certificate of
20 appealability.
21
22 IT IS SO ORDERED.
23 **Dated:   January 20, 2011**                 **/s/ Sandra M. Snyder**
                                                 UNITED STATES MAGISTRATE JUDGE